**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOM WILLIAM ANDREWS, ) | No. CV 12-1248-CJC(CW) |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | AS SUCCESSIVE |
| v. ) | |
| ) | |
| ROBERT H. TRIMBLE, Warden, ) | |
| ) | |
| Respondent. ) | |

Pro se petitioner is a prisoner in the custody of the State of California pursuant to a 1995 conviction in California Superior Court, Los Angeles County, Case No. SA021552. This petition is a challenge to that conviction and resulting sentence. For the reasons discussed below, the petition must be dismissed as an unauthorized second or successive petition.

### Discussion

This is Petitioner's second habeas challenge to his 1995 state court conviction and sentence. His prior petition, in case no. CV 97-9187-NM(Mc), was denied and dismissed with prejudice in a judgment entered June 1, 2000. [See Case No. CV 09-9187-NM(Mc), Docket Nos. 51,

1

52.]

A new habeas petition that is brought under 28 U.S.C. § 2254[1] and that challenges the same state court judgment addressed in one or more prior § 2254 petitions disposed of with prejudice, such as the one in this matter, is a "second or successive" petition. A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may authorize review of a second or successive petition in the district court only if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

Here, nothing in the court's docket or in Petitioner's filings suggests Petitioner has received permission to file a second or successive Petition for Writ of Habeas Corpus. Because Petitioner has failed to obtain the required order, this Petition is subject to dismissal without prejudice. Petitioner may file a new petition in

---

[1] Although his first claim for relief suggests that Petitioner may additionally or alternatively seek a writ of coram nobis [see Petition at 5], Petitioner may not avail himself of such relief. Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences, unlike Petitioner who remains in state custody. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002). Additionally, coram nobis is available in federal court only to challenge a federal conviction, and not a state conviction as is challenged here. See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir.1985) ("the writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases"), abrogated by statute on other grounds as recognized in United States v. Kwan, 407 F.3d 1005, 1011 n.2 (9th Cir. 2005); Hensley v. Municipal Court, 453 F.2d 1252, 1252 n.2 (9th Cir.1972) (per curiam ) rev'd on other grounds, 411 U.S. 345, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973).

this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ORDERS:**

1. It is hereby **ORDERED** that judgment be entered dismissing the petition as successive.

2. The clerk shall serve copies of this order and the judgment herein on petitioner.

DATED: February 17, 2012

_____
CORMAC J. CARNEY
United States District Judge

Presented by:

Dated: February 14, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge

3